THOMAS F. WILLIAMS *et al.,* v. C. H. CORE *et al.,* Members
of the Board of Directors of the Independent School
District of Barnes City, Iowa, Appellants.

**School districts:** SEVERANCE OF TERRITORY: STATUTES. Code, section
2792, relating to severance of territory of an independent school
district, applies only to a restoration of territory attached to an
independent district after its organization, and not to a portion
embraced in the original district. *Albin v. Board of Directors,* 58
Iowa, 77, reversed.

*Appeal from Poweshiek District Court.*— HON. W. G. CLEM-
ENTS, Judge.

THURSDAY, MAY 12, 1904.

ACTION of mandamus to compel the defendants, as di-
rectors of an independent school district, to make an order
for the restoration of certain territory to a school district in
an adjoining county from which such territory was taken
when the independent district was formed. The court
awarded the writ, from which judgment defendants appeal.—
*Reversed.*

*W. R. Lewis,* for appellants.

*J. W. Carr,* for appellees.

McCLAIN, J.— This proceeding is instituted to compel
defendants to act under a section of the Code reading as fol-
lows:

Section 2792. Where territory has been, or may here-
after be set off to an adjoining school township in the same
or another county, or attached for school purposes to an in-
dependent district so situated, it may be restored to the terri-
tory to which it geographically belongs upon the concurrence

of the respective boards of directors, and shall be so restored by said boards upon the written application of two-thirds of the electors residing upon the territory so set off or attached, together with the concurrence of the county superintendent and the board of the school corporation which is to receive back the territory.

The allegations of the petition are that in 1901 the territory referred to, which had been within the limits of the school district township of Jackson, in Poweshiek county, was attached for school purposes to certain other territory situated in Pleasant Grove township, Mahaska county, comprising the school district of Barnes City; and, although proper steps had been taken for the restoration of such territory to the school district township of Jackson, the defendant failed to make the order contemplated by the statute in such cases. It is, of course, incumbent upon the plaintiffs to show that the restoration asked for is authorized by the language of the statutory provisions, and yet the record does not contain any evidence that the territory described was attached for school purposes to an independent school district. However, the fact perhaps may be gathered from the admission of defendants' answer, and it is fully conceded by each side in argument, that in the year 1900 the independent district of Barnes City was organized out of certain territory comprising a part of the school district of Pleasant Grove, in Mahaska county, and adjoining territory comprising a part of the school district of Jackson, in Poweshiek county, the incorporated town of Barnes City being partly in each of said counties. The proceedings, it appears, were in accordance with the provisions of Code, section 2794, but the territory incorporated in the new independent district was not limited to the corporate limits of the town, and included adjoining territory, as was authorized by that section. In short, the territory described as sections 27, 28, 33, and 34, in township 78 north, of range 14 west of the fifth P. M., in Poweshiek county, which includes a part of

Barnes City, was incorporated with certain territory in Mahaska county, which need not be specifically described, to constitute a new independent school district. The present proceeding is to secure the restoration to the school township of Jackson, in Poweshiek county, of that portion of these four sections of land which is not within the corporate limits of Barnes City.

The language of Code, section 2792, above quoted, would suggest that it is only where adjoining territory has been attached for school purposes to a previously existing school township or independent district that the contemplated restoration may be made. This was not the construction given to the language in the case of *Albin v. Board of Directors*, 58 Iowa, 77, in which the majority of the court held that the territory taken from either township in the formation of an independent district, comprising territory in two adjoining townships, might be restored on the application of two-thirds of the electors, as provided in Acts 18th General Assembly, page 104, chapter 111, which contained substantially the same provisions in this respect as those found in section 2792 of the present Code. We are now of the opinion that the majority of the court reached a wrong conclusion in that case, and that the view expressed in the dissenting opinion of Mr. Justice Adams is the correct one. The expediency of allowing territory which has been made a part of an independent district at the time of its creation, and with reference to which the schoolhouse has been located and built, and perhaps indebtedness therefor contracted, to withdraw and leave the remaining portion of the independent district to carry the burden of paying off the indebtedness and maintaining the schoolhouse with restricted territory, seems to us too patent to require extended argument; and, as the language of the statute does not in itself seem to require or even suggest such a construction, we think it unwise to follow the majority opinion in the case above cited. The language of the section is reasonable as applied to territory annexed to

an independent district already formed, for in such case it is to be presumed that the schoolhouse has already been located, and the expense of its construction either paid or at least determined; and as the situation of affairs is not affected by the annexation of the territory so far as the original independent district is concerned, there can be no reasonable objection to allowing its restoration when the requisite number of electors residing in the annexed territory shall express a desire to have the territory restored.

No better illustration could be found of the injurious consequences likely to result from following the majority opinion in the *Albin Case* than that furnished by the case before us. After the independent district was formed, a schoolhouse suitable in size and location for the entire district as thus formed was erected, and bonds were issued for the cost. It may well be presumed that the size and location are not what they would have been had the Poweshiek county territory not been included. It is true that this territory, if restored, will still be subject to a proportionate charge for the payment of the bonds issued; but, on the other hand, it will also be in a position to share the assets of the district from which it is now attempting to secede; and in making such distribution of the assets it will be necessary either to sell the schoolhouse and grounds, and thus deprive the remainder of the district of school facilities, or to require the remaining district to pay a portion of the value of the school premises to the school township to which the restored territory is annexed. See Code, section 2802. The consequence would be that the independent district, as it would be constituted after the restoration of the Poweshiek county territory, if it retained the schoolhouse and grounds and continued to use them for school purposes, would have saddled upon it a burden greater than that contemplated when the school township was organized, and a schoolhouse probably larger than necessary for its purposes, and located at a place where it would probably not have been located had the Poweshiek

county territory not been included at the time the independent district was organized.

We have not, in the view which we have expressed as to the interpretation of the statute, followed the argument of appellants' counsel. We cannot yield to his contention that the restoration of the territory asked cannot be made because it will increase the indebtedness of the independent district of Barnes City beyond the constitutional limit. The severance of the Poweshiek county territory would not have this effect if the independent district as it would be left after the severance was effected did not attempt to retain the school building; that is, the independent district, after such severance, might elect, if it saw fit, to allow the building and grounds to be sold and the proceeds apportioned. In that event there would be no unconstitutional indebtedness, but the independent district would thus be deprived of a schoolhouse. We prefer to avoid any such result by giving to the statutory language the meaning evidently contemplated when it was adopted.

Even if we acceded to the views of the majority of the court as expressed in the *Albin Case,* we would be inclined to interpret the statutory provision as not authorizing the withdrawal of a portion of the Poweshiek county territory. There seems to be no authority for restoring to a school township, from which territory has been taken in the formation of an independent district to include a city or town, less than all of the territory thus taken. In the *Albin Case* it was the entire territory taken from Johnson county in the formation of the new independent district of West Branch, composed of territory from Johnson and Cedar counties, which was allowed to be restored to the school township in Johnson county to which it originally belonged. Were the statute to be construed as authorizing severance of a portion of territory taken from one of two adjoining school corporations in the creation of a new independent district to be restored to a school corporation to which it previously belonged,

the result would be that the voters residing on one governmental section of land, or, for that matter, on one quarter section, might, after being incorporated into a new independent district, insist on seceding and being restored to their original school corporation. Independent proceedings of this kind might be instituted by the residents of quarter sections not contiguous, so that from the territory originally incorporated into the independent district little tracts might be picked out here and there and restored to their original school corporations, so that there would be eventually no consistent unity, either in the new independent district or in the territory of the school corporations from which territory had been taken for such new district. It is true that the voters residing in the portion of Poweshiek county territory outside of the corporate limits of Barnes City at the time of the organization of the new independent district might have insisted, under the provisions of Code, section 2794, in voting separately on the question of organization; but had they insisted upon doing so in this case, and disapproved of incorporation into the proposed new independent district, such district could not have been formed as the result of that proceeding. In such case it is not the acquiescence of the electors residing in each governmental section or quarter section of the territory proposed to be incorporated into a new independent district which is required before such new district can be formed, but only the acquiescence of the majority of those residing within the limits of the whole territory outside of the corporate limits of the city or town. When that acquiescence has been expressed and acted upon, it certainly would be incompetent for those residing within a small portion of such territory to secede; for to allow them to do so would result in a nullification by them of the action of the electors of the whole of such territory, which at the time they would have been unable to prevent. No such construction of the statute could have been intended by the legislature, and, if it were necessary to do so, we should hold that.

there can be a severance only of the whole of the territory which was originally taken from Poweshiek county. But by putting upon the statutory language the meaning which we think was originally intended, and holding that it relates only to the restoration of territory attached to an independent district after its organization, we avoid the necessity of resorting to the construction of the statute last above indicated, and we reached the satisfactory conclusion that the plaintiffs were not entitled to the relief which they asked, for the reason that the defendants, the members of the board of directors of the independent school district of Barnes City, were not required to take any action on the application of persons residing within the portion of territory originally taken from Poweshiek county and outside the limits of Barnes City.

The judgment of the trial court is therefore REVERSED.