A. C. SWAIN et al., Appellants, v. E. F. ROGERS et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Alteration of Districts— Severance of Territory. Territory added, under Section 2794, Code Supp., 1913, to an independent school district, may not be detached and restored, under Section 2792, Code, 1897, to the district from which taken, even though, since the addition was made, no expense had been incurred beyond the ordinary expense of maintaining the school.

*Appeal from Hardin District Court.*—R. M. WRIGHT, Judge.

WEDNESDAY, DECEMBER 13, 1916.

THE petition, among other things, alleged, in substance, that the Independent School District of Union had been organized as such for more than 10 years, and included a territory of substantially four sections; that it included the incorporated town of Union, with a population of 800 inhabitants; that, prior to March 9, 1914, a suitable schoolhouse had been erected and schools maintained therein; that, on the date last mentioned, the proposition to include in said independent school district Sections 14 and 23, and that por-

tion of Sections 15, 16 and 22 east of the river, said sections being all of a subdistrict, except Section 24, and lying in Township 86 N. of Range 19 W. of the 5th P. M., was adopted, and said territory attached to the independent school district for school purposes and so continued since; that no funds have been expended since, except as incident to the ordinary maintenance of the schools; that, on August 14, 1915, a petition, addressed to the board of directors of said independent school district, and to the board of directors of the school township of Union, from which the territory de-. scribed was taken when added to the independent school district, signed by more than two thirds of the qualified electors residing in said territory, praying that each of said boards "direct and order by proper resolution that" said territory "be set off from the Independent School District of Union and received by the School District Township of Union," was presented to said boards; that the board of the school district township adopted an appropriate resolution of concurrence in granting the petition and receiving the said territory and this was approved by the county superintendent; that the petition has been presented to the board of directors of the independent school district with an appropriate resolution ordering the restoration of said territory, and action repeatedly demanded, but none had ever been taken thereon, and said board had utterly refused to adopt the resolution presented; and that plaintiffs are resident taxpayers of said territory, and will be damaged if said board is not required to act in accordance with the law. The prayer was that the board of the independent school district be required, by writ of mandamus, to adopt said resolution restoring said territory to the school district township. To this petition the defendants demurred, on the grounds: (1) That the facts alleged do not warrant the relief demanded; (2) that the petition discloses that the district was organized under Section 2794, Code Supp., 1913, and, this being so, the board of directors may not be required to dissolve said district or

detach territory therefrom; (3) that said territory board is
without jurisdiction to do as prayed; and (4) that whether
the board of directors act in such a case is discretionary, and
such discretion may not be controlled by proceedings in man-
damus. The demurrer was sustained, and, plaintiffs electing
to stand on the ruling, judgment of dismissal was entered.
The plaintiffs appeal.—*Affirmed.*

*C. H. Van Law,* for appellants.

*Faville & Whitney* and *Davis & Cameron,* for appellees.

LADD, J.—The Independent School District of Union in-
cluded the incorporated town of the same name and certain
lands, altogether covering about four sections. In March,

SCHOOLS AND
SCHOOL DIS-
TRICTS: altera-
tion of districts:
severance of
territory.

1914, the proposition of enlarging said dis-
trict, by including certain contiguous terri-
tory, consisting of two sections and parts of
three others from the School Township of
Union, was submitted to the vote of the qualified electors
under Section 2794, Code Supp., 1913, and adopted. In
August, 1915, two thirds of the qualified electors, residing in
the added territory, petitioned that it be restored to the school
township, from which taken, and this petition was presented
to the board of directors of said school township, and a reso-
lution of concurrence in the restoration as prayed and accept-
ance of said territory was adopted. The petition also was
approved by the county superintendent. Upon presentation
thereof to the board of directors of the independent school
district, no action was taken thereon, and later, though de-
manded, was refused. This is an action in mandamus, pray-
ing that defendants be peremptorily commanded to adopt
the resolution restoring the territory to the school township.
The trial court denied the relief prayed, for that territory
added to an independent district under Section 2794, Code
Supp., 1913, may not be restored under Section 2792 of the
Code, following *Williams v. Core,* 124 Iowa 213, which over-

ruled *Albin v. Board of Directors*, 58 Iowa 77. Counsel for appellants undertake to distinguish the case at bar from *Williams v. Core*, for that, in the latter, the land sought to be restored was included in the district when originally organized, and improvements had been made and debts incurred; while in the case at bar, the territory sought to be restored had recently been added, and only the ordinary expenses of maintaining the school incurred in the meantime. But these matters are merely incidental, and are not controlling. Territory taken into an independent school district subsequently to its organization, is as much a part thereof as though originally included, and the same rules apply to any subsequently proposed severance. Moreover, an examination of the school statutes generally will disclose that what has been effected through a vote of the electors, is not permitted to be undone by a vote of the directors, even though petitioned for that purpose. Section 2791 of the Code confers on the county superintendent the power, in a proper case, to transfer territory from one school corporation to another. The next section authorizes the restoration of such territory to the territory of school corporation to which it geographically belongs, by the concurrent actions of the boards of directors of the respective districts losing and receiving it. Sections 2793 and 2793-a of the Code Supp., 1913, relate to changes in the boundaries of districts, by the concurrent action of boards of directors of the districts interested; and Section 2794 of the Code Supp., 1913, provides for the organization of an independent school district, and the subsequent addition of territory by the vote of the electors, separate ballot boxes being used in the original district, and in the territory to be annexed, where an enlargement is proposed. The subdivision of an independent school district is provided for in Section 2798 of the Code, and can be done only as prescribed by Section 2794, Code Supp., 1913. The trial court rightly ruled that the defendant board of directors were with-

out power to act, as was held in *Williams v. Core,* supra, and its judgment is—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.