ROBERT ZAISER, Appellee, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF MONDAMIN et al., Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Transfer of Original Territory. School boards may not, by joint action under Section 2792, Code, 1897, detach and set off to one of the districts territory which was part of the territory of a consolidated independent district *as originally formed*. Whether such action is authorized by Section 2793, Code Supp., 1913, *quaere*.

*Appeal from Harrison District Court.*—J. B. ROCKAFELLOW, Judge.

JANUARY 17, 1922.

REHEARING DENIED MAY 15, 1922.

PLAINTIFF brought his suit in equity against two school districts and against the county auditor and the county treasurer, to enjoin the collection of certain taxes and to compel the county officers to recognize certain action of the joint boards of directors of the two school districts, setting off plaintiff's land from one school district to the other. Bonds having been issued by the school district which it is proposed to diminish, Bechtel & Company, the purchaser of the bonds, is also made a party defendant, for the purpose of releasing the plaintiff's land from any claim of lien by virtue of said bonds. There was a demurrer to the petition, which was overruled. The defendants electing to stand thereon, judgment was entered, granting the relief prayed in the petition. The defendants appeal.—*Reversed*.

*L. W. Fallon*, for appellants.

*Robertson & Havens*, for appellee.

EVANS, J.—Briefly stated, the petition averred the following facts: That the consolidated independent school district of Mondamin was organized in the year 1914, under the provisions of Section 2794-a of the Code Supplement, 1913, and included territory formerly belonging to the independent school district of the township of Clay, in Harrison County; that a part of the territory so taken from the independent school district of Clay Township was the farm of plaintiff, namely, the south half of the northeast quarter of Section 2; that the organization of said consolidated district was in all respects legal; that, because of his absence from home, the plaintiff had no actual notice of the organization proceedings at the time thereof; that he thereafter applied to the board of directors of the consolidated district and to the board of directors of the independent school district of the township of Clay, asking that his said land be detached from the new consolidated district and be restored to the independent school district of the township of Clay; that, at a joint meeting of the two boards of directors, such application was granted, and the change was ordered and was certified to the county auditor, with directions to change the plats of the respective school districts accordingly; that the county auditor, doubting his authortiy to make such change, refused to do so, with the result that the tax levies for the support of the consolidated district have been regularly made upon the land of plaintiff, and have been collected in due course by the county treasurer. The demurrer interposed to the petition was a general equitable demurrer. The real point that has been urged by the defendants is that there was no validity in the action of the joint boards of directors, because no statutory power was conferred upon them to order such change.

Though the defendants are the appellants, and have the burden of sustaining their demurrer, there is also a burden of argument upon the appellee to support the action of the joint boards of directors by pointing out some statutory authority therefor. This burden has been recognized by the appellee, and he specifies Section 2792 of the Code, as conferring authority

upon the joint boards to make the order in question. On the other hand, the appellants contend that Section 2792 has no application to the case here presented, and that Sections 2793 and 2793-a contain the only provisions which could apply to any change of boundaries of a consolidated school district, and that the allegations of plaintiff's petition do not bring him within the operation of such sections.

Section 2792 is, in part, as follows:

"Where territory has been or may hereafter be set off to an adjoining school township in the same or another county, or attached for school purposes to an independent school district so situated, it may be restored to the territory to which it geographically belongs upon the concurrence of the respective boards of directors, * * *."

The general contention for the appellants at this point is that Section 2792 was enacted long before the statutory provisions for the organization of consolidated school districts, and that it necessarily had reference then to school districts other than the consolidated school districts, and that its terms will not permit its application at the present time to consolidated school districts. We shall have no occasion to give so broad a scope to our consideration of it. In the case of *Williams v. Core*, 124 Iowa 213, this court had occasion to construe Section 2792, as applied to then existing school districts to which it was applicable. It was there held that the statute could be deemed to apply only to the restoration of territory which had been attached to an independent district *after* its organization, and that it could not be deemed to apply to any territory *which was embraced in the original organization of the district*.

Some of the reasons for such holding are stated in the opinion, as follows:

"The expediency of allowing territory which has been made a part of an independent district at the time of its creation, and with reference to which the schoolhouse has been located and built, and perhaps indebtedness therefor contracted, to withdraw and leave the remaining portion of the independent district to carry the burden of paying off the indebtedness and maintaining the schoolhouse with restricted territory, seems to

us too patent to require extended argument; * * * The language of the section is reasonable as .applied to territory annexed to an independent district already formed, for in such case it is to be presumed that the schoolhouse has already been located, and the expense of its construction either paid or at least determined; and as the situation of affairs is not affected by the annexation of the territory so far as the original independent district is concerned, there can be no reasonable objection to allowing its restoration when the requisite number of electors residing in the annexed territory shall express a desire to have the territory restored. * * * After the independent district was formed, a schoolhouse suitable in size and location for the entire district as thus formed was erected, and bonds were issued for the cost. It may well be presumed that the size and location are not what they would have been, had the Poweshiek County territory not been included. It is true that this territory, if restored, will still be subject to a proportionate charge for the payment of the bonds issued; but, on the other hand, it will also be in a position to share the assets of the district from which it is now attempting to secede; and in making such distribution of the assets, it will be necessary either to sell the schoolhouse and grounds, and thus deprive the remainder of the district of school facilities, or to require the remaining district to pay a portion of the value of the school premises to the school township to which the restored territory is annexed. See Code Section 2802. The consequence would be that the independent district, as it would be constituted after the restoration of the Poweshiek County territory, if it retained the schoolhouse and grounds and continued to use them for school purposes, would have saddled upon it a burden greater than that contemplated when the school township was organized, and a schoolhouse probably larger than necessary for its purposes, and located at a place where it would probably not have been located, had the Poweshiek County territory not been included at the time the independent district was organized.''

In the case before us, plaintiff's land was included in the *original organization* of the consolidated school district. This section of the statute, therefore, as previously construed, does

not confer authority upon the school boards to detach such land from the newly organized district. The case here cited and followed appears to have been overlooked by counsel on both sides.

We hold, therefore, that Section 2792 confers no authority upon the boards of directors to eliminate the plaintiff's land from the consolidated district, or to cede the same to the former independent district out of which it was carved.

The query has arisen in our minds whether there is any other section of the statute under which the relief granted to plaintiff in the district court could be sustained here. Section 2793 contains broad provisions for changing boundaries of school districts. Section 2794-a, Code Supplement, 1913, provides for the creation of consolidated school districts; and Subdivision (f) of Section 2794-a provides for a dissolution of such districts. Both sides, however, unite in the contention and argument that these sections have no application to the case. The appellee is emphatic in this contention. The relief prayed by appellee, as plaintiff, and granted in the decree, restored his land to the independent district, quieted plaintiff's title against all claim of the bondholders, and awarded judgment to plaintiff against the school district for the taxes which he had already paid. Such relief could not be predicated upon Sections 2793 and 2794-a. These sections contemplate a division of assets and liabilities, in the event of changing boundaries, as provided by Section 2802. The plaintiff's petition has been predicated wholly upon Section 2792, and his argument is consistent with his petition. We have no occasion, therefore, to speculate upon our own initiative as to the possible relief to which plaintiff might be entitled under other sections of the statute. What we hold now is that the plaintiff is not entitled to any relief under Section 2792, and that he is not entitled to the relief prayed and granted, under any section which has been brought to our attention. Upon the question whether he might not be entitled to some form or degree of relief under other sections of the statute, we do not assume to pass.

The judgment entered below is reversed, and the cause re-

manded to the district court, with leave to the plaintiff to amend his pleading, if he be so advised.—*Reversed and remanded.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.